IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARBARA JEAN JOHNSON,  )
            )
   Plaintiff,       )
            )
 -vs-          )  Civil Action No. 17-574
            )
NANCY A. BERRYHILL,[1]     )
COMMISSIONER OF SOCIAL SECURITY, )
            )
   Defendant.      )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Plaintiff filed her application alleging she has been disabled since March 1, 2000. (ECF No. 8-8, p. 2). Administrative Law Judge ("ALJ"), Natalie Appetta, held a hearing on July 22, 2015. (ECF No. 8-3, pp. 2-46). On September 8, 2015, the ALJ issued an unfavorable decision finding Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 34-45).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.   **Residual Functional Capacity (RFC)**[2]

In this case, the ALJ determined Plaintiff has the RFC to perform light work with both mental and physical limitations. (ECF No. 8-2, pp. 39-44). Plaintiff argues that the ALJ erred by rejecting the only medical source statement on record. (ECF No. 11, pp. 10-12). While the

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§404.1527, 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).

ALJ gave "great weight" to the decision of the state agency medical consultant's determination, Plaintiff submits that the state agency medical consultant never performed a psychiatric review technique, "nor found that there was any mental impairment due to insufficient evidence at that time." (ECF No. 11, p. 11). Therefore, Plaintiff contends that the record contains no medical opinion evidence upon which to base an RFC. *Id.* As such, Plaintiff maintains that the ALJ's decision is not supported by substantial evidence and remand is appropriate. *Id.* After a review of the record, I agree.

On August 28, 2013, the state agency psychological consultant, Michelle R. Santilli, Psy.D., indicated that a consultative examination was required to determine Plaintiff's mental health issues. (ECF No. 8-4, p. 4). She further indicated that Plaintiff failed to attend her consultative examination and neither "her nor the third party have responded to calls." *Id.* As a result, the evidence was insufficient for Dr. Santilli to make a determination. *Id.* (ECF No. 8-4, p. 5). Therefore, Dr. Santilli offered no psychiatric opinion. *Id.* Yet, apparently, the ALJ gave this non-decision "great weight." (ECF No. 8-2, p. 44). I find this entirely perplexing.

On May 4, 2015, Dr. Margaret Boerio, D.O. performed a psychiatric consultative examination. (ECF No. 8-14, pp. 2-13). This is the only actual psychiatric opinion evidence of record. There was no other mental opinion evidence. (ECF No. 8-2, pp. 34-45). In other words, there is no other opinion evidence of record regarding Plaintiff's mental functional abilities upon which the ALJ could have relied upon in forming the RFC for Plaintiff. *Id.* The ALJ gave Dr. Boerio's opinion little weight. (ECF No. 8-2, p. 43). "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). Furthermore, "an administrative law judge lacks the expertise to ascertain a claimant's residual functional capacity from raw medical

4

data." *Moffatt v. Astrue*, No. CIV.A. 10-226, 2010 WL 3896444, at *6 (W.D. Pa. Sept. 30, 2010) (citations omitted). This is especially true in this case given Plaintiff's mental history. Additionally, I note that the ALJ found Plaintiff was not entirely credible. (ECF No. 8-2, p. 40). The ALJ limited Plaintiff to light work with numerous mental exceptions.[3] After a review of the record, I find the ALJ's opinion is not based on substantial evidence. Consequently, remand is warranted on this basis.[4]

An appropriate order shall follow.

---

[3]The ALJ found Plaintiff had the RFC to perform light work except she is limited to "routine repetitive work considered entry level work in a stable work environment where the work location and processes would generally stay the same; no interaction with the public other than merely incidental (defined as absolutely necessary to perform the essential functions of the job); no interaction with co-workers other than incidental; no team work; work with things rather than people; occasional interaction with supervisors, no production rate pace work and no jobs where reading is an essential function of the job." (ECF No. 8-2, p. 39).

[4]Plaintiff also argues that the ALJ failed to properly reconcile apparent conflicts between the RFC and the vocational expert ("VE") testimony. (ECF No. 11, pp. 11-12). Since I am remanding this case on the basis that the RFC is not based on substantial evidence and on remand the case shall be considered again *de novo,* I need not consider this issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARBARA JEAN JOHNSON, )
)
        Plaintiff, )
)
 -vs- ) Civil Action No. 17-574
)
NANCY A. BERRYHILL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 23rd day of May, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is granted and Defendant's Motion for Summary Judgment (ECF No. 12) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

        BY THE COURT:

        s/ Donetta W. Ambrose
        Donetta W. Ambrose
        United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.